**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: (212) 589-4610
agarofalo@bakerlaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| OSCAR SANCHEZ, individually and on behalf of other similarly situated individuals,<br><br>      Plaintiff,<br><br>   v.<br><br>KOHL'S DEPARTMENT STORES, INC. and KOHL'S CORPORATION,<br><br>      Defendants. | Case No. _____ |

**NOTICE OF REMOVAL**

    Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendants Kohl's, Inc.[1] ("Kohl's") and Kohl's Corporation ("Kohl's Corp.") (collectively, "Defendants"), both of whom are located at N56W17000 Ridgewood Dr, Menomonee Falls, WI 53051, hereby provide notice of removal of this action filed by Plaintiff Oscar Sanchez ("Plaintiff"), who, upon information and belief, resides in North Bergen, New Jersey, from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey, Newark Division. In support of this Notice of Removal, Defendants state as follows:

---

[1] Kohl's, Inc. was formerly known as Kohl's Department Stores, Inc. and was erroneously named in the Complaint as Kohl's Department Stores, Inc.

## I. Timeliness

1. On July 13, 2020, Plaintiff filed a putative class action complaint against Defendants in the Superior Court of New Jersey, Law Division, Morris County, captioned *Oscar Sanchez v. Kohl's Department Stores, Inc. and Kohl's Corporation*, No. MRS-L-001429-20 (the "State Court Action").

2. Defendants accepted service of the complaint in the State Court Action on July 21, 2020.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendants were served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. Plaintiff alleges that Defendants violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*, by misclassifying him as exempt from overtime pay and failing to pay him overtime premiums for hours beyond 40 in a workweek. (Compl. ¶¶ 2-4, 42-43.) He seeks to bring claims on behalf of himself and on behalf of a putative class of assistant store managers at Kohl's stores in New Jersey. (Compl. ¶ 5.)

## II. Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

6. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

7. According to the allegations in the Complaint, Plaintiff is a citizen and resident of New Jersey. (Compl. ¶ 6.)

8. Kohl's is a Delaware corporation with its headquarters and principal place of business in Wisconsin, and consequently is a citizen of Delaware and Wisconsin. (Compl. ¶ 7.)

9. Kohl's Corp. is a Wisconsin corporation with its headquarters and principal place of business in Wisconsin, and consequently is a citizen of Wisconsin.

10. Because Plaintiff is a citizen of New Jersey, while Defendants are citizens of Delaware and Wisconsin, there is complete diversity of citizenship.

11. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

12. Plaintiff alleges he is seeking "unpaid overtime wages and penalty wages" (treble damages), attorneys' fees, "[i]njunctive relief in the form of an order directing Defendants to comply with state law," and "[s]uch other and further relief as this Court deems just and proper." (Compl. Prayer for Relief.).

13. To the extent Plaintiff is seeking to pursue claims for a six-year statute of limitations, the amount in controversy exceeds $75,000. [2]

14. Accordingly, both the diversity and amount-in-controversy prongs are satisfied, and removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(b).

### III. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

15. Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different

---

[2] Defendants do not concede that Plaintiff's claims are subject to a six-year statute of limitations. Defendants reserve all defenses.

from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[3] Here, all three conditions are satisfied, and no exceptions apply.

16. According to the allegations in the Complaint, Kohl's employed more than 100 employees in an assistant manager position in New Jersey within the two years preceding the filing of the Complaint through the present. (Compl. ¶ 41(a).) Thus, the putative class has more than 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

17. As established above, Plaintiff is a citizen of New Jersey and Defendants are citizens of Delaware and Wisconsin. Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

18. Plaintiff alleges he is seeking, on behalf of himself and the putative class, "unpaid overtime wages and penalty wages" (treble damages), attorneys' fees, "[i]njunctive relief in the form of an order directing Defendants to comply with state law," and "[s]uch other and further relief as this Court deems just and proper." (Compl. Prayer for Relief.) Thus, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).

19. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

**IV.   Venue**

20. Venue is proper in the District of New Jersey, Newark Division, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

---

[3] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

21. Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff and the Superior Court of New Jersey.

WHEREFORE, Defendants hereby remove this civil action to this Court on the bases identified above.

Dated: August 19, 2020

Respectfully submitted,

By: /s/ Amanda L. Van Hoose Garofalo
Amanda Van Hoose Garofalo
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: (212) 589-4610
agarofalo@bakerlaw.com

Joel Griswold (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088
jcgriswold@bakerlaw.com

Bonnie Keane DelGobbo (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
1 North Wacker Drive, Suite 4500
Chicago, Illinois 60606-1901
Telephone: (312) 416-8185
bdelgobbo@bakerlaw.com

*Counsel for Defendants Kohl's, Inc. and Kohl's Corporation*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 19, 2020 she caused a true copy of the foregoing **Notice of Removal** to be filed via the Court's CM/ECF system, which will send notice of the filing to all registered users. The undersigned further certifies that she served a copy of the foregoing document via email to:

Shannon Liss-Riordan
Michelle Cassorla
LICHTEN & LISS-RIORDAN P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
sliss@llrlaw.com
mcassorla@llrlaw.com

Richard E. Hayber
HAYBER MCKENNA & DINSMORE
221 Main Street, Suite 502
Hartford, CT
rhayber@hayberlawfirm.com

*Counsel for Plaintiff*

/s/ Amanda L. Van Hoose Garofalo